Kini Cosma
P.O. Box 7643
Klamath Falls, OR 97602
(541) 273-1417
In Propria Persona

## IN THE UNITED STATES COURT OF
## APPEALS FOR THE NINTH CIRCUIT

Kini Cosma-Nelms (aka  Kini Nelms)

    Appellant/Plaintiff/Petitioner

    Vs.

THE PEOPLE OF THE
UNITED STATES OF
AMERICA, THE CITY OF
NAPA POLICE DEPARTMENT,
UNITED STATES DISTRICT
COURT-EASTERN ON APPEAL
DISTRICT OF CALIFORNIA,
FORMER CITY OF NAPA SERGEANT
POLICE OFFICER RANDY **BOWMAN**,
COUNTY OF NAPA SUPERIOR COURT,
FORMER NAPA COUNTY JUDGE
RONALD T.L. YOUNG, STATE OF
CALIFORNIA. SUSANVILLE POLICE
DEPARTMENT, LASSEN COUNTY
CONSOLIDATED JUDICIAL DISTRICT
SUPERIOR COURT, COUNTY OF
LASSEN DEPARTMENT OF COMMUNITY
DEVELOPMENT, COLDWELL
BANKER, INC. AKA HEARD REALTY,
THE INTER-TRIBAL COUNCIL OF
CALIFORNIA, INC, KEM KANTOR,
ESTATE OF ELTON KANTOR,
STATE OF CALIFORNIA DEPARTMENT

No. 08-16561
D.C. No. 4:07-cv-0676-SBA
    Northern District of California,
Oakland

**APPELLANTS OPENING
BRIEF**

OF MOTOR VEHICLES, STATE
FARMERS INSURANCE COMPANY
INSURED SHARON BERTOTTI, ET AL.,
DOES 1-100, inclusive,

           Defendants/Respondents

                             /

Appeal from the United States District Court for the Northern District of
California

Initial Brief For Plaintiff-Appellant,
Kini Cosma-Nelms, AKA Kini Nelms

# TABLE OF CONTENTS

Table Of Authorities ................................................................ 3

Corporate Disclosure Statement ............................................... 4

Statement of Subject Matter and Appellate Jurisdiction ...................4-5

Ninth Circuit Local Rule 28-2.6 Statement ................................... 5

Statement of Related Cases ................................................5

Statement Of The Facts ......................................................... 5

Statement Of The Case ......................................................6-12

Statement Of Issues Presented For Review .............................. 12-16

Summary Of Argument ................................................,... 16-19

Conclusion and Demand For Judgment....................................19-22

Certificate of Compliance ..................................................... 23

## TABLE OF AUTHORITIES

22 U.S.C. § 7102(8).   Human Trafficking
Eighth Amendment of the United States Constitution:
        Excessive Prison Sentences, Punishment
        Excessive Fines Clause of the Eighth Amendment
42 U.S.C. §§ 1985 and 1981 with all claims being brought by virtue of the
Civil Rights Act of 1871, 42 U.S.C. § 1983.
Brooks v. City of San Mateo, 229 F.3d 917, 923-24 (9th Cir. 2000) "totality
of circumstances"
Carey vs. Piphus, 435 U.S. 247, 266 (1978) (nominal damages available for
denial of procedural due process rights); Price vs. Charlotte, 93 F.3d 1241,
1246 (4th Cir. 1996) (stating that "the rationale for the award of nominal
damages being that federal courts should provide some marginal vindication
for a constitutional violation").

## CORPORATE DISCLOSURE STATEMENT

This statement is made pursuant to F.R.A.P. 26.1 and 28(a)(1), the above persons and entities have an interest, financial or otherwise, in the outcome of this litigation: Defendants, Defendants' attorneys. Appellant is not a corporate entity and has no parent corporation, subsidiaries or affiliates that has issued shares to the public.

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The courts list above had jurisdiction to entertain this matter because all claims brought herein related to alleged violations of the United States Constitution and various federal statutes, including 42 U.S.C. §§ 1985 and 1981. The claims were brought by virtue of 42 U.S.C. § 1983.

The courts had jurisdiction to entertain this adversary action relating to  human trafficking, excessive punishment, torture proceeding pursuant to 22 U.S.C. § 7102(8); Human Trafficking. Eighth amendment of the United States Constitution; Excessive prison sentences, punishment, excessive fines clause(s) of the Eighth Amendment.  42 U.S.C. §§ 1985 and 1981 with all claims being brought by virtue of the Civil Rights Act of 1871, 42 U.S.C. § 1983.  The Ninth Circuit Court of Appeals has jurisdiction to entertain this appeal pursuant to 28 U.S.C. §1291. Final Judgment was originally entered

on May 30, 2008.  A timely Notice of Appeal was filed on July 8, 2008.

## NINTH CIRCUIT LOCAL RULE 28-2.6 STATEMENT

Appellant has no knowledge of any pending cases related to the issues

herein.

## STATEMENT OF RELATED CASES

USCA 98-16415; USCA 98-16672; USCA 98-16673; USDC 98-00819;
USDC 98-00618; USDC C-04-0610 SBA; USDC CV-F-97-5994 (Napa &
Placer County Superior Ct); Court of Appeal-3rd Appell. Dist. 3 Civil
C028174; 3 Civil C031259; USDC Civ. S-02-1704-WBS GGH-PS No. MIS
S-02-0236 WBS GGH-PS; 9th Circuit Docket No: 03-15084; USDC-CES
04-70711; CV07-06376 SBA; 04-70004; CR-S-05-0120-DAD;  U.S. Federal
Claims 1:05-cv-01201-LAS; Lassen County Superior Consolidated Judicial
District Court: Citation No. 03530; Case No. 26T-260-03; JC 38896;
TR060989; TR059474; CR018285; TR050932; CR019489; JC36801;
TR070589; TR071517; JC38326; CR 26838; Municipal Court of the City of
Klamath Falls, State of Oregon: 06-10002506 (Citation 79135, Docket
0610002506,  05-03405-CV; 0504092CV; 0505141CV; 0704069CV;
0704035CV (06-10002506 Muni)

## STATEMENT OF THE FACTS

The focus in this brief is about a women enslaved into sex for trade by

harassment and the malicious abuse of legal process while being battered

and subjected to extreme cruelty:   She is a victim of human trafficking in

the United States, robbed of her body, dignity and freedom.  This monster is

hard to detect because it defies categorization.  The resulting collage is

sinister but revealing, enabling a targeted response for these uncomfortable

truths.

Having dissected the human trafficking drama by the type of

exploitation, the sexual orientation and gender of this Appellant, the profiles

of perpetrators, and the source/transit/destination of human cargos, we can

best able to describe the problem, its time trends and space patterns.

## STATEMENT OF THE CASE

Appellant was lured with false promises of good jobs and a better life

if she acquired an Associate Degree in the Administration of Justice with a

median weekly earning based on a level of education.[1]  After she graduated

she had begun to achieve these earnings by starting a lucrative paralegal

business, enforcing judgments. As the owner operator, Appellant was in high

demand and advancing swiftly. (These alibi's are on record with the Napa

County Courts and Napa County Sheriff's Department.)

Instead, Defendants former City of Napa Sergeant police officer

Randy Bowman, County of Napa Court, and former Napa County Judge

Ronald T.L. Young employed Appellant as an instrument in human

trafficking for the acquisition by improper means such as force, fraud and

deception, with the aim of exploiting her and forced labor.[2]

When Defendant Randy Bowman could no longer tolerate Appellants'

presence, Bowman integrated a series of "justifiable" events[3] in order to

---

1 www.qualityinfo.org
2 Appellant disclosed on the original plea agreement that she was induced to signed it under force, violence, duress or undue influence.
3 (i.e. Bowman's defamation of Appellant were documented in his chronology of events that Appellant had an alcohol and drug history, impersonating a police officer…)

manifest the cycle of injustices[4] that have pervaded Appellants' undeviating state of existence with the unauthorized practice of law endorsed by the Defendant(s) Napa County court to send Appellant to prison and displace her minor children.

Regardless, Appellant received a stalking conviction enhanced as a sexual predator that invoked the public policy of rampant mob lynching. She had since been forced and expected to work and reside under brutal and inhuman conditions through various discriminations including: gender, sexual orientation discrimination, workplace discrimination, severe harassment, menacing, and retaliation. Further, Appellant asserts denial of equal protection under the law, violations of procedural due process with regard to access to the courts, administrative hearings, conspiracy under 42 U.S.C. § 1985 and 1981, with all claims being brought by virtue of the Civil Rights Act of 1871, 42 U.S.C. §1983 previously.

Appellant contends that she has been a victim of a form of curative rape for sexual humiliation to cause the most traumatic experience against humanity and other mass human rights violations and discriminations for the purpose of eroding all of her rights in the name of national security.

Defendants, Napa County and Lassen County Courts encouraged the

---

4 People v Kevorkian, unpublished order of the Court of Appeals, entered March 16, 1999 ...... Defendant is not licensed to *practice medicine* in Michigan

use of other Courts in the United States as a forum to engage in abuse of process and power to menace, alarm and provoke malicious mischief, illegal irregularities and inconsistencies putting Appellant in an utmost and extreme vulnerable position so that she would be dependent on and have to service American men.

Defendants Napa County have continued to allow the abuse and provided confidential medical information to Defendants Lassen County and other jurisdictions that was then exploited for the purposes of excessive force, excessive punishment, and excessive sanctions to beat her into submission and leaving her to experience violence.

Defendant Sharon Bertolli was a grand juror in Lassen County at the time Appellants' life was being compromised by tenant thugs and hooligans: Incidences that the grand jurors and Susanville police department received NUMEROUS letters and correspondence for and relating to the ongoing abuse at the Coldwell Banker properties. The series of violent events went univestigated. As a result, Defendant State of California Department of Motor Vehicles, Sharon Betotti, and State Farmers Insurance Company claimed Appellant was involved in a "major accident" when in fact it was Sharon Betotti who ran off the 55 mph highway while admitting to traveling at speeds up to 65 mph in a rural area of Lassen County.

## PSYCHOLOGICAL ABUSE AND ANGUISH

All Defendants engaged in criminal activity for the purpose of eroding the human rights of Appellant based on internationally accepted standards for clinical assessment of torture claims, to bring about long-lasting pain, terror, humiliation, and shame for years on end.

It appears that no one is doing anything to Appellant. But, indoctrination is the chief tactical system of abuse. Appellant has become a subject of gross neglect. Prolonged isolation has been exercised as a form of sensory deprivation to Appellant and it has inculcated her values and privacy as a person or a fellow member of the human race while being invaded and constantly judged by the lynch mobs of society running rampant throughout Appellants' time frames.

By denying Appellant meaningful access to the Courts in the State of California, an improper termination has resulted in, *inter alia,* Appellant's drivers' license, citizenship and residency of California and other states and nations Appellant has and may be forced to use as asylum.[5]

Appellant doesn't have to be hit with sticks and bats, brutalized and being made to bleed. All Defendants tormented her in her mind with

---

[5] Appellant retained a passport to travel abroad and to Israel. Due to the false allegations of anti-Semitism by Defendant Randy Bowman, Appellant has become a disenfranchised Hebrew American who no longer has a natural born inherited right to citizenship in Israel.

physical abuse and funding in the cycle of American justice by invoking criminal propensities to confine Appellants' intellectual thought to a vegetative state, depriving Appellant of her health, encouraging hopelessness and hostility to induce suicide. Defendants' tactics of abuse are encouraging the wrongful death, great irreparable harm, bodily injury, and/or permanent disability through the use of psychological warfare and gross neglect.

By omitting to enforce due diligence and positive anti-discrimination measures against violence, discrimination, and the authorizations of the Grand Theft Larceny of Appellants' One-Hundred Thousand Dollar ($100k) rightfully inherited[6] estate fund granted to Appellant by a descendant has displaced Appellant making her place of residence a secret detention center. The right to work and the right to live free from discrimination on the basis of her gender and sexual orientation have been ignored.

There is no need for explicit violence against Appellant who is being held as a detainee. This restriction of movement retained by, *inter alia,* arbitrary suspension of her driver's license has provoked feelings of helplessness, hopelessness, fear, mistrust, despair, alienation, loss of control, damaged self-esteem, higher risk of addictions and violence, higher stress and more stress-related illnesses such as high blood pressure, heart disease and problems of the nervous system, poorer general health and depressed

---

6 Descendant specifically left a inheritance to cover the costs of Appellant's education.

immune systems, shorter life span, unemployment, under employment, lower wages and unsafe working conditions, limited access to jobs, housing, education and the services we need to be healthy are all stress related forms of physical, mental and emotional torture.

She was deprived arbitrarily of property because the laws have become aimed at this targeted individual to ensure that she descend into barbaric acts of tyranny and oppression. This cycle of psychological violence has been disguised by denials and tactics to reduce her into inferior places while a wait and see attitude has been adopted.

The deliberate suspension of her California driver's license was encouraged for the purposes of extreme hardship, and to stifle, frustrate, deprive and deny her medical care on a timely basis for the unnecessary purpose of time consuming control. And, to deliberately deprive plaintiff of her livelihood for earning a legitimate income: All have been used to make her vulnerable so that she will become dependent on and have to service American men for Defendants' monetary gain of paid research to experiment with curative rape to force Appellant into becoming a heterosexual member in society.

Appellant contends that by charging Appellant a filing fee to prosecute a $100k Grand Theft Larceny by Attorney Generals is not

ordinarily ordered for citizens of the United States.  As a result of Appellants' claims,  Appellant has been forced into extremely hostile work environments as a result of retaliation and has, as a matter of law, proved a period of harassment and retaliation since 1994.

By being placed in this inferior situation, Appellant was forced to retire from her legitimate paralegal business, clerical, executive secretarial, horseshoeing, horse taming, and other industrial labor received through higher education.

These actions have provoked incredible outrage to Appellant forcing her to focus on and reveal the extent of human rights violated resulting in Internet accounts being terminated and/or suspended, another form of lynch mobbing. Time for her Internet-home based business was also terminated through cyberspace-bullying using despair and creating extremely toxic environments to frustrate and deprive Appellant who sought gainful employment.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

### I.
### IT IS EVIDENT THAT THE TRIAL COURT DID NOT CONSIDER THE TOTALITY OF THE CIRCUMSTANCES

The trial court of Napa County did not consider the totality of the circumstances. It has not considered each alleged incident of discriminatory

conduct separate and distinctly. That was an error. See Brooks v. City of San

Mateo, 229 F.3d 917, 923-24 (9th Cir. 2000) ("We use a totality of the

circumstances test to determine whether a plaintiff's allegations make out a

colorable claim of hostile work environment"), citing Harris v. Forklift

Systems, Inc., 510 U.S. 17, 23 (1993).

## II.
## SUMMARY JUDGMENT WAS APPROPRIATE BECAUSE UNDISPUTED MATERIAL FACTS EXISTED AS TO WHETHER DEFENDANTS'-DISCRIMINATORY REASONS FOR APPELLANT BEING FORCED TO CONSENT TO AN INVOLUNTARY PLEA BARGAIN ON THE BASIS OF HER GENDER AND SEXUAL ORIENTATION FOR UNLAWFUL DISCRIMINATORY CONDUCT

(All content was served and submitted to all local, state, federal, and
international courts.)

## III.
## SUMMARY JUDGMENT IS APPROPRIATE BECAUSE A JURY IS REQUIRED TO MAKE CREDIBILITY DETERMINATIONS

Appellant should have recovered against the individual Defendants

who were sued in both their individual and official capacities on a theory of

outrage or negligent or intentional infliction of emotional distress.

Appellant filed claims of discrimination with the City of Napa

County, and that after doing so her employment situation within a year had

grown distasteful to the Napa police department to the extent that she was

left with no alternative but to accept an illegal plea bargain thrusting her into

the vulnerable arrangement of becoming a human trafficking victim.

Appellant submits that these District courts have not made credibility determinations during a motion for summary judgment undermining the meaning of and intent underlying direct and circumstantial evidence. Appellant also alleges that these District courts have not considered separately each alleged incident of discrimination and retaliation, rather than considering the totality of the circumstances. Appellant's argument is that these are both reversible errors.

Aside from run-of-the-mill related causes of action, evidence that Appellant is a member of a protected class was treated differently in the residence and workplace than persons who are not members of a protected class is insufficient to rebut Defendants' claims of legitimate, non-discriminatory reasons for Appellant's residence and workplace harassment and retaliation.

Appellants' cases were terminated for alleged conduct that was trivial compared to the incidents committed against Appellant that have gone virtually unpunished. The public policy of rampant mob lynching, constant surveillance by law enforcement and the use of informants to menace Appellant; Tenants engaging in extortion, physical assaults and other assault behavior on Appellant and who committed much more serious criminal malfeasance without being penalized at all.

In fact, our Supreme Court has held that deprivation of due process is such a significant issue that at least nominal damages are always available as a simple recognition that a deprivation occurred. Carey vs. Piphus, 435 U.S. 247, 266 (1978) (nominal damages available for denial of procedural due process rights); Price vs. Charlotte, 93 F.3d 1241, 1246 (4th Cir. 1996) (stating that "the rationale for the award of nominal damages being that federal courts should provide some marginal vindication for a constitutional violation").

Undisputed material facts show that Defendant Randy Bowman deviated from municipal policy or procedure on multiple occasions. One particular individual now has personnel files consisting of excessive force enabling Appellant to dispute such allegations and convictions originating in the City and County of Napa by Defendants.

All of these facts are determinative as to instant claims and require credibility determinations. Being subjected to harassment or retaliation with a discriminatory intent states a claim upon which relief can be granted. Only a jury may do that. Id.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a

directed verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## SUMMARY OF ARGUMENT

Human trafficking is the acquisition of people by improper means such as force, fraud or deception, with the aim of exploiting them. Human trafficking is a violation of the human body, mind and spirit. It is an offense against human dignity, a crime in which human beings are bought and sold and often sexually abused by violent criminals.

As a result of all Defendants actions and nonactions, Appellant is and has been a victim of a severe form of trafficking in persons, as defined by 22 U. S. C. § 7102 (8); and has suffered substantial physical and mental abuse as a result of criminal activity described by 8 U.S.C. § 1101(a)(15)(U)(iii) and under § 107(b)(1) of the Trafficking Victims Protection Act of 2000 (22 U.S.C. 7105(b)(1)).

§ 502(b) DEFINITIONS- For purposes of subsection (a)(2)(C):

(1) The term 'battered or subjected to extreme cruelty' has the meaning given such term under regulations issued pursuant to subtitle G of the Violence Against Women Act of 1994 (Public Law 103-322; 108 Stat. 1953).

(2) The term 'related legal assistance' means legal assistance directly related to the prevention of, or obtaining of relief from, the battery or cruelty, sexual assault or trafficking, or the crimes listed in section 101(a)(15)(U)(iii) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(15)(U)(iii)).]

The centerpiece of U.S. Government efforts to eliminate trafficking in persons is the Trafficking Victims Protection Act of 2000 (TVPA), Pub. L. 106-386, signed into law on October 28, 2000.

> "the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery."

Appellant alleges that Defendant Randy Bowman,  a former city employee of Napa, California, who held the position of police Sergeant improperly violated city police policy through the unauthorized practice of law and Defendant(s) Napa County Courts abused its power by authorizing the legal documents filed by Defendant Randy Bowman in order to achieve the above described damages and injuries and to deploy future damages and injuries.

Defendant, former Napa County Superior Judge Ronald T.L. Young then abused his power by discriminating against Appellant on the basis of Appellant 's sexual orientation setting her up for a form of "curative rape" for which Appellant was to become dependent on and have to service American men.  Defendants Lassen County, et al. then retaliated against Appellant for having filed claims of discrimination, *et al.* against Defendants. Appellant also alleged that all Defendants conspired between

themselves or with others to discriminate against Appellant or to otherwise retaliate against her for the before mentioned reasons.

Appellant alleges that the Defendants committed all acts, individually and collectively, while acting under color of state law, to further their own personal interests, while agents of the State of California singled her out from amongst all persons on the basis of her sexual orientation and that at all relevant times they were acting outside of the scope of their employment.

Appellant alleged that official policies and procedures of the State of California endorsed or otherwise led to the alleged discriminatory and retaliatory conduct engaged in by the individual Defendants that the Defendants violated well-established law that they were or should have been aware of and that such conduct constituted a continuing pattern. The Complaints, read as a whole, implies that the Defendants were sued in both their individual and official capacities. Appellant contends that the Defendants are not entitled to qualified immunity.

Appellant brought claims alleging a violation of the United States Constitution including the Equal Protection Clause thereof (as applicable to the states by and through the Fourteenth Amendment); 42 U.S.C. §1985 (conspiracy to violate civil rights); 42 U.S.C. §1986 (failure to prevent a conspiracy that violates 42 U.S.C. §1985); 42 U.S.C. §1981; a claim for

declaratory relief, and sought relief for all claims by virtue of the Civil Rights Act of 1871, 42 U.S.C. §1983.

## **CONCLUSION**

Traffickers often prey on individuals, predominantly women and children who are poor, frequently unemployed or underemployed, and who may lack access to social safety nets. Victims are often lured with false promises of good jobs and better lives, and then forced to work under brutal and inhuman conditions.

Appellant is in debt to the Department of Education[7], Higher Education, for a student loan in the field of the legal industries. If the promises of higher education to earn according to the median weekly earning has failed to deliver its promises but instead has subjected Appellant to human trafficking instead, Appellant then contends Appellant is a trafficked woman in the United States who is deeply entrenched in a web of corruption scandals with substantial violations of Human Rights having been committed against her by local, state, federal agencies and its' unacceptable curbs on civil liberties, privacy, and due process.

Appellant can only associate with persons of low mental acumen who prey on vulnerable women because, now, EVERY legitimate and protected activity appellant involves herself in has become criminal equivalent to

---

7 Appellant's stimulus check was confiscated to pay an outstanding student loan for the legal industries.

"stalking". Appellant MAY NOT associate with other females for the threat of further persecution, slanders, libels, and perjuring lies, discrimination, hatred, and ill will. Seemingly, Appellant must "get use to" life depending upon and servicing American men as a sex tourism spectacular.

Appellant filed a motion for summary judgment, or in the alternative for partial summary judgment, on or about September 16, 1998 that was dismissed by United States Northern District Judge Saundra Brown Armstrong on May 6, 1998 for failing to pay the requisite filing fee, etc. while Appellant was incarcerated.[8]

Appellant filed a motion for summary judgment, or in the alternative for partial summary judgment, on or about July 1, 1998 that was dismissed by United States Eastern District Judge Sandra M Snyder on August 25, 1998 for being premature.

The courts have ultimately ignored and/or dismissed all motions in its entirety, violations of procedural due process because timing requirements are set forth in the California Statutes: Requirements imposed by the United States Constitution.

Despite exhausting all administrative remedies, the court dismissed Appellant's claims in this regard, concluding that, as a matter of law, is not

---

8 Appellant did sign and complete court-approved in forma pauperis applications and included a signed certificate of funds.

an adverse action since it is not reasonably likely that it would deter a person from engaging in protected activity nor would these claims have any impact on Appellant's career or negative effect.  In essence, the Northern and Eastern District Courts of the United States held that there was no inference that these incidents were a pretext for unlawful discrimination and retaliation. Again, these incidents were not considered along with the totality of the circumstances.

The District Court's message here is that any citizen who engages in such conduct (reporting racial discrimination, for example) will be penalized without being afforded fair opportunity to defend against the charges. That is bad law, bad rationale and a bad overall adjudication. This Court is asked to reject it by granting the summary judgments first filed and submitted to the District Courts.

## DEMAND FOR JUDGMENT

In light of the foregoing, the court should reverse the trial court's Order of Summary Judgment and remand this matter for further proceedings.

Therefore, the Appellant demands judgment against the Defendants for an amount determined by this court, plus interest and costs.

I, Kini Cosma (aka Kini Cosma-Nelms) hereby declare under penalty

of perjury of the United States of America that the aforegoing is true and correct to the best of my knowledge.

Respectfully Submitted,

_____
KINI COSMA-NELMS
Dated:

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type volume limitation set forth in F.R.App.P. 32(a)(7)(B) because it contains less than 14,000 words, not including parts of the brief exempted by F.R.App.P. 32(a)(7)(B)(iii). This brief also complies with the typeface requirements of F.R.App.P. 32(a)(6), because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

Pursuant to Federal Rules of Appellate Procedure 29(d) and 32(a)(7) (C), I certify that this brief is proportionately space with one inch margins on all four corners with a total of **3923 words**.

Dated:  August 11, 2008

_____
KINI COSMA-NELMS

## **Proof of Service**

I hereby certify that I made service of the following legal documents:

## **APPELLANTS OPENING BRIEF**

Upon the individuals and other legal entities to be served, named below, by delivering or leaving true copies of said documents mentioned therein, certified to be such by the attorney for the Appellant as follows:

That on _____, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail with a certified U.S. postage clerk located at 1791 Washburn Way, Klamath Falls, Oregon 97603.

I further certify that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that **I AM A PARTY** to not an officer, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation served by named in the action.

_____          Dated:  August 11, 2008
        Kini Cosma

| | |
|---|---|
| Clerk of the U.S. Court of Appeals For the Ninth Circuit<br>95 Seventh Street<br>P.O. Box 193939<br>San Francisco, CA 94119-3939 | State Farmers Insurance<br>National Document Center<br>P.O. Box 268992<br>Oklahoma City, OK 73126-8992<br>Attn:<br>Claims Representative, Summer L Wheeler |
| Former Napa Superior Court Judge Ronald T.L. Young<br>c/o The Clerk of the Napa Superior Court<br>825 Brown Street<br>Napa, CA 94559 | Insured Michael and Sharon Bertotti<br>Claim No. 1002159491<br>Policy No: 95-0140915451 |
| Napa County Counsel's Office<br>1195 Third Street, Suite 301<br>Napa, CA 94559 | Sharon Bertotti<br>c/o Lassen County Grand Jury<br>220 S. Lassen, Suite 6<br>Susanville, CA 96130 |
| Former City of Napa Police Sergeant<br>Randy Bowman<br>c/o Napa City Hall, City Attorney<br>955 School Street<br>Napa, CA 94559 | Civil Division of the<br>United States Department of Justice<br>1100 'L' Street, NW<br>Washington, D.C. 20530 |
| Attorney General of the State of California<br>P.O. Box 944255<br>1300 'I' Street, Suite 125<br>Sacramento, CA 94244-2550 | United States Department of Justice<br>Civil Rights Division<br>Coordination and Review Section<br>P.O. Box 66560<br>Washington, D.C. 20035-6560 |
| California State Department of Motor Vehicles<br>Licensing Operations Division<br>P.O. Box 942890, Mail Station J-233<br>Sacramento, CA 94290-0001 | Office of Civil Rights<br>Department of Health and Human Services<br>200 Independence Ave., SW, Room 515F<br>Washington, DC 20201 |
| Napa County Counsel<br>1195 3rd Street, #301<br>Napa. CA 94559 | |

| | |
|---|---|
| California State Dept. of Justice<br>1300 'I' Street, #1101<br>P.O. Box 944255<br>Sacramento, CA 94244-2550<br><br>U.S. Department<br>Special Litigation Section<br>Civil Rights Division<br>P.O. Box 66400<br>Washington, DC 20035-6400<br><br>Coldwell Banker Inc.<br>339 Jefferson Rd.<br>P.O. Box 3257<br>Parsippany, NJ 07054-3259<br><br>Clerk of the Lassen County<br>Superior Court<br>Lassen County Consolidated<br>Judicial District<br>Superior Court, County of<br>Lassen<br>220 S. Lassen Street, Suite 2<br>Susanville, CA 96130 | Lassen County Counsel for<br>Lassen Department of<br>Community Development<br>Administration Complex<br>221 S Roop<br>Susanville, CA 96130<br><br>Kem Kantor<br>c/o ALCO<br>1091 Doolittle Dr<br>San Leandro, CA 94577<br><br>City Attorney for the<br>Susanville Police Department<br>City of Susanville<br>66 North Lassen Street<br>Susanville, CA 96130 |

Clerk of the United States

Northern District of California

San Francisco Division

450 Golden Gate Ave. 16th Floor

San Francisco, CA 94102

RECEIVED

AUG 2 9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Kiini Cosma
PO Box 7643
Klamath Falls, OR 97602